The Honorable Ed Gilbert State Representative Post Office Box 633 Mountain Home, AR 72653
Dear Representative Gilbert:
This is in response to your request for an opinion concerning a municipal judge's pension. Specifically, you have asked whether an ex-wife of a retired municipal judge, who is receiving a portion of her husband's pension as part of a property settlement, is entitled to continue receiving benefits after his death. It is my opinion that the answer to your question is, generally, "no."
The ex-wife, in my opinion, is not entitled to receive continued benefits for three reasons. First, putting aside for the moment the question of any "widow's" survivorship rights, the ex-wife, by virtue of a property settlement, can be granted only that property which her ex-husband possesses or has a right to possess in the future. A retired municipal judge himself has no right to continue receiving pension benefits after the end of his natural life. A.C.A. 24-8-309(b). Therefore, he has no further property interest which his wife could receive as part of a property settlement.
The only other way the ex-wife could claim a continued right to receive benefits is by virtue of a statutory "widows' rights" provision. See A.C.A. 24-8-306(d)(1). The second reason the ex-wife is not entitled to continued benefits is because an ex-wife is not a "widow" upon the death of her ex-husband. As such, she does not receive a "widow's" survivorship rights. This conclusion is buttressed by A.C.A. 9-12-317, the third reason. That statute provides in pertinent part:
 When any chancery court in this state renders a final decree of divorce, any estate by the entirety or survivorships in real or personal property held by the parties to the divorce shall be automatically dissolved unless the court order specifically provides otherwise. . .
Although this provision has almost always been interpreted only in light of its effect on tenancies by the entirety and survivorships in real estate, by its terms it applies to survivorship interests in personal property, thus presumably to a wife's statutorily created survivorship right in her husband's pension. As such, any survivorship right is dissolved upon divorce. This conclusion is consistent with the rationale behind widow's survivorship rights. The state provides these rights to assure that a wife who is dependent upon her husband's pension for support is not unduly stressed financially upon his unexpected death. While this financial stress could similarly occur in the case of an ex-wife receiving a portion of the pension as a part of a property settlement, she is granted the opportunity to negotiate away this risk in the property settlement, and in the final divorce court orders.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.